GEOFFREY L. GILES  
State Bar Number 959  
527 California Ave.  
Post Office Box 93  
Reno, NV 89504  

775.329.4999  

Attorney for Rena Wells  

Filed ECF 4/12/06  

UNITED STATES BANKRUPTCY COURT  

DISTRICT OF NEVADA  

* * *  

IN RE:  

SCOTT K. GREENE,  

    Debtor.  
_____/  

CASE NO. BK-N-05-54727-GWZ  
Chapter 7  

**OBJECTION TO CLAIM OF EXEMPTION**  
[with certificate of service]  
Hearing Date: May 24, 2006  
Hearing Time: 9:30 AM  
Estimated Time: 10 Minutes  

    Comes now Rena Wells, by and through her counsel of record Geoffrey Giles, Esq., and objects to the debtor's claim of homestead exemption. Reasons for this objection are more fully set forth below and in the documents previously filed in the debtors failed chapter 13 case 04-52579.

**POINTS AND AUTHORITIES**

1   Introduction.

    The debtor filed for Chapter 7 relief on October 15, 2005 and has claimed a 67 acre parcel of raw land as his homestead, along with the travel trailer that is on the property. The claim of exemption on the raw land was made in schedule "C" that was filed with the case and said: "Debtor's residence, Alamosa Drive (all 67 acres)", pursuant to NRS 21.090(1)(m). Interestingly the debtor claimed his furniture and personal effects exempt, which are located at 450 Alamosa Drive and at "Vista Park Storage" as exempt on the same page.

    The debtor filed a supplement to schedule "C" on December 14, 2005 and added a 1976 Travel Trailer as exempt under NRS 115.010. The debtor attended several 341 meetings which were continued due to his inability to provide the documentation that was required.

1 The final first meeting of creditors was held on March 30, 2006, at which time the trustee concluded it, even though the debtor had not yet provided his 2004 tax return to the trustee by that time[1]. Accordingly real parties in interest have 30 days from that date pursuant to F.R.Bankr.P. 4003(b) and as such this objection has been timely filed.

2.  <u>The Prior Case.</u>

The debtor's previous case was dismissed, at his written request, on the day before Rena Wells' hearing on his debtor's claim of exemption in the raw land. The matter was extensively briefed in that case both by counsel for Wells and standing chapter 13 trustee, William Van Meter. In particular, there were two briefs in that case; SUPPLEMENTAL BRIEF IN SUPPORT OF OBJECTION TO CLAIM OF EXEMPTION, filed by counsel for Rena Wells, and TRUSTEE'S SUPPLEMENTAL POINTS AND AUTHORITIES REGARDING OBJECTION TO CLAIMED EXEMPTION. At the risk of repeating ones' self, and because those briefs have already been considered by the court, they are incorporated by reference herein, and attached as Exhibits "A" and "B" respectfully. Everything that was relevant in that case was raised and thoroughly discussed in those two documents, though some of the documents attached to those briefs have been redacted. This memorandum will discuss the changes in both state and federal law that are applicable to this case, and the facts that have developed since then.

3.  <u>Changes in the Statutes</u>.

The year 2005 was a watershed year for changes in both state and federal law. Effective July 1, 2005, the Nevada Legislature raised the amount a debtor could claim for a homestead from $200,000.00 to $350,000.00, but otherwise left the statutory scheme for homesteads the same. In this case the debtor would be entitled to claim a homestead of $350,000.00, but only if it was a *bona fide* claim, which the one in question is not.

The federal bankruptcy code was completely overhauled by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. Most of those changes came into effect on October 17, 2005, but not the ones concerning homesteads, which became effective on April 20, 2005 when the BAPCPA

---

[1] Apparently the Trustee was becoming weary of bringing the debtor back to so many 341 meetings and concluded them on his promise to provide the tax return.

Geoffrey L. Giles and
Associates
Post Office Box 93
Reno, Nevada 89504
775.329.4999

Page 2 of  5

was enacted. In particular, the amendments that came into effect on April 20, 2005 concerned the claims of exemption for homesteads. The perception was that wealthy debtors were forum shopping for homesteads in generous states, like Florida and Texas, in order to protect mansions and the fortunes that were used to purchase them. One of the provisions to halt this practice was the one that required debtors to live in the homestead for 1215 days prior to filing for relief. Sec. 522(p)(1) provides, in part:

> "Except as provided in paragraph (2) of this subsection and sections 544 and 548, as a result of electing under subsection (b)(3)(A) to exempt property under State or local law, a debtor may not exempt any amount of interest that was acquired by the debtor during the 1215 - day period preceding the day of the filing of the petition that exceeds in aggregate $125,000.00 in value in -
>
> (A) real or personal property that the debtor or a dependent of the debtor uses as a residence;...
>
> (D) real or personal property that debtor or dependent of the debtor claims as a homestead;."

In the situation at bar the debtor can neither claim the 67 acres of raw land as a residence nor as a homestead. The debtor has owned the raw land for more than 1215 days since he put a deed of trust on the property July 30, 2001, but it is also undisputed that he did not claim the property as a homestead until August 2004, when he claims to have moved onto the land in preparation for his first bankruptcy. It is respectfully submitted that owning raw land, and later claiming it as an exempt homestead, by virtue of occupancy are vastly different things, under the case law cited in the briefs that accompany this objection. The conversion of raw land to homestead is tantamount to that which Sec. 522(p)(1) prohibits [the acquisition of]; "---interest that was acquired by the debtor during the 1215 - day period preceding the day of the filing of the petition." This would be true, even if the debtor had a real house on the land, and really did live there, which he does not.

4.  Things That Have Transpired in This Case.

Like the first case, the debtor does not live on the land that he claims as a homestead. At present

the debtor is being prosecuted by the county for offenses related to unauthorized storage of, a number of items on the Alamosa property. There are several horse trailers, sheds, a 1976 Travel Trailer and various and sundry additional items lying about on the property.    <u>At one point in late 2005 he told county inspectors that he no longer lived at that address.</u>  When asked about this at his first 341 meeting of creditors on November 23, 2005 his response was that he lied to the county because he "wasn't under oath". The colloquy appears approximately 14 minutes into the exam. When questioned at the final 341 exam on March 30, 2006, the debtor was asked where he spent the previous night and he testified 'at his girlfriend's house'. He could not say how much of the time he spent there, but maintained that 450 Alamosa Drive was his home.  He testified to that he did not have a building permit for the property, and that he was being prosecuted for having junk and clutter on the property.  It appears that he has told the authorities that much of the things laying around on the raw land are within the jurisdiction of the bankruptcy court and will be sold by the bankruptcy trustee. The debtor has been ordered to remove all things that are not to be sold, including the 1976 Travel Trailer,  by the bankruptcy trustee by no later than May 2, 2006 in order to come into compliance with the Washoe County authorities.  Given his lack of candor with the authorities, and his utter non-compliance with county codes regarding 'living', or 'camping' on the property, it is apparent that he is manipulating this case and the criminal case to keeps his plans for a viable homestead alive.

<u>5.    Conclusion</u>.

The debtor in this case Scott Greene, is not entitled to the claim of exemption for his raw land., because he does not live there, because there is no home there and because his interest as a 'homestead' was acquired within 1215 days.  Illegally camping in a travel trailer, does not come within any recognized statutory exemption that has been claimed or that could be claimed.    The claim of exemption should be entirely disallowed and the chapter 7 trustee should be allowed to liquidate the property forthwith.

Respectfully submitted this 12th day of April, 2006

 /s/ Geoffrey L. Giles
GEOFFREY L. GILES, Esq.

Geoffrey L. Giles and Associates
Post Office Box 93
Reno, Nevada 89504
775.329.4999

CERTIFICATE OF SERVICE:
Under the penalty of perjury the foregoing statement is true and correct:
    That I am an employee of Geoffrey L. Giles and on April 12, 2006 I mailed a true copy of the foregoing document to the following interested parties via first class mail:

        /s/ Geoffrey L. Giles

John A. White, Jr. Esq
335 W. First Street
Reno, NV 89503

Anabelle Savage, Trustee
PO Box 6179
Reno, NV 89513

Geoffrey L. Giles and Associates
Post Office Box 93
Reno, Nevada 89504
775.329.4999