John White, Esq., Bar # 1741
335 West First St.
Reno, NV 89503
775-322-8000
Fax: 322-1228
john@whitelawchartered.com
Attorney for Debtor

E-Filed on July 27, 2006

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

IN RE:

SCOTT K. GREENE,

Debtor

Case No. BK-N 05-54727-gwz
Chapter 7

DEBTOR'S MOTION TO ALTER OR AMEND JUDGMENT

Hearing Date: Sept. 11, 2006
Hearing Time: 2:00 p.m.
Est. Time: 1 hour

COMES NOW DEBTOR, above-named, by counsel, who seeks an order altering the ORDER RE: DEBTOR'S CLAIM OF EXEMPTION, entered herein on July 27, 2006, to provide that Debtor's exemption amount is $350,000, as provided in NRS Sec. 150.040 rather than $125,000 as provided in the referenced order.

In support of this Motion, Debtor relies upon Fed.R.Bank.P 9023 and Rule 59 F.R.Civ.P., the below Points and Authorities, and the files and records in this Case.

Dated: July 27, 2006.

WHITE LAW CHARTERED

By: John White

WHITE LAW CHARTERED
LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

1

# POINTS AND AUTHORITIES

On July 27, this Court entered its Memorandum Decision on Debtor's Claim of Exemption. At page 10 of that Decision, the court holds that although the Debtor acquired the property on which his homestead is claimed more than 1215 days prior to the Petition Date, his claim of exemption is limited to $125,000 by 11 U.S.C. Sec. 522(p) since the Debtor began his residency on the property (and filed his claim of homestead) within 1215 days of filing his bankruptcy petition. It is respectfully urged that this conclusion is in error for the reason that the interest referenced in 11 U.S.C. Sec. 522(p) clearly deals with the acquisition of an interest in land and, for the reason that a homestead is a privilege of exemption rather than an interest in land.

In Nevada, fee ownership is not a requisite to a homestead. NRS 115.005(2)(b) allows a homestead of a mobile home "[W]hether or not the underlying land is owned by the claimant."

*In re Foley*, 97 F.Supp. 843 (D.C.Neb. 1951), involved a homestead claim. Nebraska law required the claimant to be: 1) head of the family, 2) owner of the real estate concerning which the exemption was filed, and 3) occupying the same as a family residence. The Referee disallowed debtor an exemption in a house trailer which was on land debtor had leased on a month-to-month basis. On appeal, the Court focused on the ownership requirement, noting that it had two aspects, the first being "the property interest required to support a homestead exemption" and the second being "the type of property which may be a homestead." (p. 844).

The Court continued:

> As a general rule, in accordance with the view that *a homestead right is not an estate in land but a mere privilege of exemption from execution of such estate as the holder has*, it has been held that a debtor need not be the absolute owner in fee in order to establish a homestead right in land, but that any interest in land, coupled with the requisite occupancy by the debtor and his family, is sufficient to support a homestead exemption. Annotation, 89 A.L.R. 511, cases cited at 512.

WHITE LAW
CHARTERED
LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

*In Re Foley, supra,* p. 844 (emphasis added).

The decision of the Referee was reversed, the Court noting that: "[A]ny estate or interest in lands which gives the right of occupancy or possession is sufficient to entitle a person to benefits of the homestead provisions, . . .." (p. 845).

This seems to be the general rule:

> Nor is a homestead an interest in land; it is a privilege of exemption from execution.

*Edgley v. Edgley,* 31 Wash.App. 795, 644 P.2d 1208, 1210 (1982). The question in *Edgley* was whether a homestead declaration signed only by the husband protected his wife's separate interest in the homestead, despite a statute providing that the wife's written consent was required for a homestead to be carved out of her separate property. The court held that the wife's signature was unnecessary, noting "[T]he right to a homestead does not depend upon title, but upon occupancy and use." (p. 1210).

Debtor regrets not earlier bringing these cases to the Court's attention. In defense, Debtor notes that at the oral argument on May 24th of this year, undersigned concluded, obviously erroneously, that the Court was not impressed with Objectant's arguments concerning this matter and therefore did not address it in his July 21st, 2006 exchange brief.

Dated: July 27, 2006.

WHITE LAW CHARTERED

By: John White

3

# CERTIFICATE OF SERVICE

1. On July 27, 2006, I served the following document(s):
   DEBTOR'S MOTION TO ALTER OR AMEND JUDGMENT

2. I served the above-named document(s) by the following means to the persons as listed below:

[X] a. ECF System

   GEOFFREY GILES geofgiles@yahoo.com, giles.jeanne@gmail.com

   ANABELLE SAVAGE angiesavage@sbcglobal.net, nv06@ecfcbis.com

   U.S. TRUSTEE - RN - 7 USTPRegion17.RE.ECF@usdoj.gov,

[X] b. United States mail, Postage fully prepaid

American Express
c/o Becket and Lee, LLP
PO Box 3001
Malvern, PA 19355-0701

HSBC Bank Nevada NA/HSBC Card Services III
By eCast Settlement Corp as its Agents
PO Box 35480
Newark, NJ 07193-5480

Lance Van Lydegraf, Esq.
526 Lander St.
Reno, NV 89509

I declare under penalty of perjury that the foregoing is true and correct.

Signed on: July 27, 2006               Name of Declarant: Andrei Romero

                                       Signature of Declarant: _____

WHITE LAW CHARTERED
LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

4