Jeffrey L. Hartman, Esq. #1607
**HARTMAN & HARTMAN**
510 West Plumb Lane, Suite B
Reno, Nevada 89509
Telephone: (775) 324-2800
Telecopier: (775) 324-1818
Email: notices@bankruptcyreno.com

Attorney for Rena Wells

E-Filed 11/8/06

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | Case No. Bk-N-05-54727-GWZ |
| SCOTT K. GREENE, | Chapter 7 |
| Debtor. | |
| RENA WELLS, | Adversary Proceeding No. 06-5009 |
| Plaintiff, | |
| vs. | **FIRST AMENDED COMPLAINT** |
| SCOTT K. GREENE, | |
| Defendant. | |

Plaintiff RENA WELLS, formerly known as RENA PIMPL, hereby complains, as follows:

**JURISDICTION**

1. This Court has jurisdiction to hear this complaint pursuant to 28 U.S.C. 157(a), (b)(2) (core proceeding), 1334(b), and 11 U.S.C. 523(c).

2. Plaintiff consents to this court entering final judgment in this matter.

3. The 'bar date' for the filing of complaints of this kind is January 23, 2006.

**PARTIES**

4. Plaintiff, RENA WELLS, hereinafter referred to as "Wells" is a natural person resident in the State of Nevada and is a claimant in the debtor's chapter 7 bankruptcy case.

5. Defendant SCOTT K. GREENE hereinafter referred to as GREENE is a natural

person and a resident of the State of Nevada who is the chapter 7 debtor in the case noted above.

## FACTUAL ALLEGATIONS

6. Wells is the lawful owner of certain valid United States Patents: #5,799,617 issued September 1, 1998; #5,851,111 issued December 22, 1998; and #6,062,172 issued May 16, 2000.

7. That subsequent to the issuance of such patents, and at such time as the same belonged to Wells, Greene commenced to unlawfully manufacture, distribute and market certain equine dental products which were covered by Well's patents.

8. In doing so Greene sold approximately $270,000.00 worth of such patented products and unjustly profited thereby.

9. Greene held himself out has having the lawful right to do so by virtue of a contract that he claimed he had with Wells.

10. These representations were false.

11. In 2001, Greene commenced an action in the Second Judicial District Court; Equi-dent Technologies v. Rena Pimpl, CV-01-02322, relative to the aforesaid matters ("civil action"), in response to which Wells filed a counterclaim.

12. On July 20, 2005 Summary Judgment, which is a final judgment and from which no appeal was taken, was granted in favor of Wells and against Greene ("Judgment"). The Judgment was recorded as a lien in the Office of the Washoe County Recorder on July 21, 2005. A true and correct copy of which is attached hereto as Exhibit "A".

13. All of Greene's claims against Wells were denied. Wells' Judgment includes punitive damages, totaling $116,922.64, together with statutory interest from November 25, 2004.

## FIRST CLAIM FOR RELIEF

14. Paragraphs 1 through 13 are hereby repeated and incorporated as though more fully set forth at this point.

15. The wrongful use by Greene of Well's patents and the financial gain he enjoyed

1. thereby constitute obtaining money by false pretenses, false representation and/or actual fraud.

16. For the reasons stated above, the Judgment secured by the recorded lien is nondischargeable pursuant to 11 U.S.C. 523(a)(2)(A).

## SECOND CLAIM FOR RELIEF

17. Paragraphs 1 through 13 are hereby repeated and incorporated as though more fully set forth at this point.

18. The wrongful use by Greene of Well's patents and the financial gain he enjoyed thereby constitutes willful and malicious injury by Greene to Wells.

19. For the reasons stated above, the Judgment is nondischargeable pursuant to 11 U.S.C. §523(a)(6).

WHEREFORE, Wells prays as follows:

a. For a determination that the Judgment amount of $124,398.88 [includes interest thru the petition date] due and owning by Greene to Wells is nondischargeable

b. For an award of attorney fees and costs, should the same be available at law.

c. For such other and further relief as the court may deem appropriate.

Dated this 8th day of November, 2006.

**HARTMAN & HARTMAN**

/s/ Jeffrey L. Hartman
Jeffrey L. Hartman, Esq.
Attorney for Plaintiff Rena Wells

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

- 3 -

# EXHIBIT A

Code No. 1360

**FILED**

JUL 20 2005

RONALD A. _____, JR., CLERK
By: _____
DEPUTY

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA
IN AND FOR THE COUNTY OF WASHOE

EQUI-DENT TECHNOLOGIES,
a Nevada Corporation,

    Plaintiff,

vs.

RENA PIMPL,
JOHN DOES 1 through 10,

    Defendant.

_____/

RENA PIMPL

    Defendant counterclaimant,

vs.

SCOTT K. GREENE, D.V.M.,

    Defendant/Counterdefendant.

_____/

Case No. CV01-02322

Dept. No. 6

## SUMMARY JUDGMENT

On June 20, 2005 the Court granted Summary Judgment in favor of Defendant, dismissing the complaint and granting Judgment in favor of defendant upon her counterclaim and third party complaint requesting issuance of a permanent injunction prohibiting these parties from further patent infringement, awarding damages for past infringement and non-

**EXHIBIT A**

payment of royalties, together with costs and legal fees. In support of the summary Judgment the court now finds and concludes that the court has jurisdiction over the parties and subject matter of this action, the factual allegations of the answer and third party complaint and affidavit in support of summary judgment are true and admitted as unopposed, and Defendant Rena Wells is entitled to judgment in her favor on all claims. There are no material facts in dispute and all facts and inferences are resolved in favor of Defendant, Counterclaimant, Third Party Plaintiff Rena Wells. The court finds that Plaintiff Equi-Dent Technologies and Third Party Defendant Scott K. Greene failed to respond to Requests for Admissions and this Motion for Summary Judgment, with the consequence that all facts set forth therein are deemed admitted. The Plaintiff's complaint is barred as a matter of law. NRS 111.220 (Statute of Frauds) bars enforcement of Plaintiff's contract claim, the court finds and concludes there is no written agreement to support the complaint. Scott Greene and EDT sold patented products and received over $263,249.00 in gross sales income and never paid any royalty. Rena Wells is sole owner of three US. Patents being patent numbers: # 5,799,617, issued September 1, 1998; # 5,851,111 issued December 22, 1998; and # 6,062,172, issued May 16, 2000. Between July 1, 2001 and November 25, 2004 Scott Greene and EDT sold patented products in violation of Rena Wells patent rights and treble damages on those sales is $71,077.65. There is no just reason for delay in the entry of judgment.

From the foregoing, the Court concludes:

1. That the facts and law in this case support the claims of Rena Wells as against Equi-Dent Technologies and Scott K. Greene, who are jointly and severally liable and each is subject to a permanent injunction;

2

2. Rena Wells is entitled to Judgment dismissing the complaint and awarding a permanent injunction, damages, costs, interest, and Attorney's fees.

NOW THEREFORE, on application of Rena Wells and good cause appearing,

IT IS ORDERED, ADJUDGED, AND DECREED as follows:

1. The claims of Equi-dent Technologies and Scott K. Greene shall be and are hereby dismissed with prejudice.

2. Scott K. Greene and Equi-dent Technologies, their agents, employees, successors and assigns shall be and are hereby perpetually enjoined and restrained from manufacturing, distributing and selling dental equine products in violation of the UNITED STATES PATENTS held by RENA WELLS, being patent numbers: # 5,799,617, issued September 1, 1998; # 5,851,111 issued December 22, 1998; and # 6,062,172, issued May 16, 2000.

3. Rena Wells is awarded a damages Judgment against Scott K. Greene and Equi-dent Technologies, Inc., jointly and severally, for the principal balance of $71,077.65 representing treble damages under patent law for patent infringement, interest accruing thereon from November 25, 2004 at the statutory rate until entry of Judgment, together with costs of $ 244.99, and attorney's fees of $ 45,600.00, all of which shall bear interest at the statutory rate in effect upon entry of Judgment until satisfied.

THIS IS A FINAL JUDGMENT.

MADE AND ENTERED this 20th day of July 2005.

_____
Brent Adams
DISTRICT JUDGE

3