1  Jeffrey L. Hartman, Esq. #1607
   **HARTMAN & HARTMAN**
2  510 West Plumb Lane, Suite B        **E-filed 11/15/06**
   Reno, Nevada 89509
3  Telephone: (775) 324-2800
   Telecopier: (775) 324-1818
4  Email: notices@bankruptcyreno.com

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | Case No. BK-N-05-54727-GWZ |
| SCOTT K. GREENE, | Chapter 7 |
| Debtor | **REPLY TO DEBTOR'S OPPOSITION TO MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND ENCUMBRANCES** |
| | **Hearing Date: 11/21/06** |
| | **Hearing Date: 10:00 a.m.** |
| _____/ | |

Rena Wells, judgment creditor ("Wells"), replies to the Opposition To Motion For Order Authorizing Sale Of Real Property Free And Clear Of Liens And Encumbrances.

Although not entirely clear, the Debtor's argument appears to be that the Trustee in this case is bound by an assertion of value in a previously filed case and that "post acquisition appreciation" belongs to the Debtor and not the estate for the benefit of creditors.

### RELEVANT FACTS

Wells contends that the circumstances of the Debtor's prior chapter 13 are irrelevant. The facts relevant to the pending Motion are as follows:

1. The 67 acre parcel on Alamosa Drive was purchased by the Debtor in 1994 ("Alamosa property").

2. On August 11, 2004, the Debtor recorded his homestead declaration against the Alamosa property.

3. The Debtor actually moved on to the Alamosa property on August 11, 2004 with

the intent to make it is his domicile.

4. 11 U.S.C. § 522(p) became effective on April 20, 2005.

5. On October 15, 2005, within 1215 days of the Debtor having made the Alamosa property his domicile, he filed this chapter 7 case.

6. The Debtor claimed the Alamosa property as his homestead under NRS 21.090 and 115.101 et seq.

7. The Debtor listed the value of the Alamosa property as $240,000 with an encumbrance of $79,958 securing repayment of a note in favor of Sun West Bank.[1]

8. The Trustee has received an offer of $370,000 for the Alamosa property.

## DISCUSSION

This court has previously ruled on the applicability to this case of 11 U.S.C. §522(p). In re Greene, 346 B.R. 835 (Bankr. D. Nev. 2006). In that decision this court found and concluded: (1) the Debtor's claim of homestead on the Alamosa property is valid; (2) that §522(p)(1) applies to limit the amount of exemption to $125,000; and (3) the Debtor is not barred by judicial estoppel from the benefit of the homestead exemption.

The language of §522(p) is clear and does not support Debtor's contention that the measure of appreciation from August 2004 is somehow added to the capped amount of $125,000. The Debtor's homestead interest in the Alamosa property was acquired during the 1215 day period prior to his petition date; accordingly, the amount of exemption is capped at $125,000.

The concept of "post acquisition appreciation" is nothing more than a construct developed by one court's 'too-fine parsing' of the words "amount of interest acquired by the debtor". In In re Rasmussen, 349 B.R. 747 (Bankr. M.D. Fla. 2006), the court held that the married debtors filing a joint petition could 'stack' the homestead cap of $125,000 yielding a maximum of $250,000 in exempt equity; however, because the unencumbered equity was less than $250,000, there was nothing for the trustee to administer. The debtors in that case

---

[1] Interestingly, in his prior bankruptcy case filed just over a year before this case, the Debtor valued the Alamosa property at $240,000 with a debt of $78,000. In this case, the Debtor made no allowance for appreciation attributable to the strong real estate market in Washoe County.

also argued that 'post acquisition appreciation' was not an interest acquired by them and that §522(p) did not limit the benefit to the estate to $125,000. Even though it already had decided the dispositive issue, the court went on to state:

> The fact that the Homestead may have appreciated substantially in value during the 1215 day period does not constitute the acquisition of an interest in the Debtor's homestead for purposes of section 522(p).

349 B.R. at ____ . The court in Rasmussen made a distinction between equity resulting from *active* 'acquisition' by a debtor in the form of rolled-over equity, a down payment and debt service, and equity resulting from *passive* 'acquisition' due to market appreciation. What the Debtor is suggesting in this case is that there is an amount, over and above $125,000, which also should be exempt. However, in order to reach that conclusion, it is necessary to read into the statute language which Congress clearly could have included, but did not include, in the final version. For example, what language in the statute suggests that the value on the date the homestead was declared has any relevance to the calculation? The Rasmussen court clearly suggests, despite the overwhelming import of the legislative history, that market appreciation should be added to the $125,000 cap in §522(p).[2]

Perhaps the Rasmussen court could benefit from the analysis of another Florida bankruptcy court. In re Kaplan, 331 B.R. 483 (Bankr. D. Fla. 2005) was one of the early cases addressing §522(p):

> The plain meaning of the statute is rebutted only in limited circumstances when a contrary legislative intent is clearly expressed. Ardestani v. I.N.S., 502 U.S. 129, 135-36, 116 L. Ed. 2d 496, 112 S. Ct. 515 (1991). "In such cases, the intention of the drafters, rather than the strict language, controls." United States v. Ron Pair Enters., 489 U.S. 235, 243, 103 L. Ed. 2d 290, 109 S. Ct. 1026 (1989) ..... Courts must be wary of taking literalness to its extreme because "statutory construction confining itself to bare words . . . may strangle meaning." Lynch v. Overholser, 369 U.S. 705, 710, 8 L. Ed. 2d 211, 82 S. Ct. 1063 (1962).

331 B.R. at 487. Here, the legislative intent is consistent with the plain language in the statute.

In re Blair, 334 B.R. 374 (Bankr. M.D. Fla. 2006) and In re Sainlar, 344 B.R. 669 (Bankr. N.D. Tex. 2005) both were cases in which the debtors' homesteads existed more

---

[2] See, Legislative History references in Debtor's Opposition.

than 1215 days prior to the respective petitions being filed. Therefore, §522(p) did not apply.[3]

The Debtor also ignores application of the case of In re Viet Vu, 245 B.R. 644 (9th Cir. BAP 2000) which confirms that, in the Ninth Circuit, post petition appreciation is property of the estate. As noted above, the Debtor chose to value the Alamosa property on October 15, 2005 at $240,000. In Viet Vu, the BAP agreed with the decision in In re Potter, 228 B.R. 422 (8th Cir. BAP 1999) which held that "except to the extent of the debtor's potential exemption rights, post-petition appreciation in the value of property accrues for the benefit of the estate." Based on a sale at $370,000, the analysis is as follows:

| | |
|---|---|
| FMV at petition (per Debtor) | $240,000 |
| less secured debt | <78,000> |
| less costs of sale | <22,000> |
| net | $140,000 |
| exemption | <125,000> |
| remainder | 15,000 |
| plus value increase | 130,000 |
| estate property | $145,000 |

The plain meaning of §522(p) is that if the homestead was acquired within 1215 days of the petition, the exempt equity is capped at $125,000 plus any equity rolled from a prior homestead in the same state. The 'post acquisition appreciation' construct has no support in the legislative history of §522(p) and should have no traction in Nevada.

///
///
///
///

---

[3] Wells disagrees with the Debtor's contention that Blair holds post appreciation cannot be an acquisition. Because the homestead was acquired prior to the 1215 day period, the cap in §522(p) did not apply.

## CONCLUSION

Based upon the foregoing, Wells requests that the court overrule the Debtor's Opposition and grant the Trustee's Motion.

Dated this 15th day of November, 2006.

**HARTMAN & HARTMAN**

/s/ Jeffrey L. Hartman
Jeffrey L. Hartman, Esq.
Attorney for Rena Wells

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

- 5 -