| | |
|---|---|
| William D. Cope, Esq., Nevada Bar #1711<br>COPE & GUERRA<br>595 Humboldt Street<br>Reno, NV  89509-1603<br>(702) 333-0838<br>(702) 333-6694 (fax)<br>cope_guerra@yahoo.com<br>Attorneys for Anabelle Savage, Trustee | E-filed November 16, 2006 |

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IN RE:<br><br>SCOTT K. GREENE.<br><br><br>       Debtor.<br>_____/ | CASE NO.  BK-N-05-54727-GWZ<br>CHAPTER 7<br><br>**TRUSTEE'S REPLY TO OPPOSITION TO MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND ENCUMBRANCES; POINTS AND AUTHORITIES**<br><br>Hearing Date: November 21, 2006<br>Hearing Time: 10:00 a.m. |

Anabelle Savage, the duly appointed Chapter 7 trustee ("Trustee") in the above-captioned case, by and through her attorney, William D. Cope, Esq., of Cope & Guerra, hereby replies to the opposition ("Opposition") to her Motion for Order Authorizing Sale of Real Property Free and Clear of Liens and Encumbrances, which Opposition was filed by debtor, Scott K. Greene ("Debtor"), as follows:

**POINTS AND AUTHORITIES**

The Debtor filed a Chapter 13 case in this court on or about August 27, 2004. Such case was subsequently dismissed. The Trustee respectfully submits that the matters that occurred in the Chapter 13 case are not relevant with respect to the present case and/or the sale of the Debtor's real property located at 450 Alamosa, Reno, Nevada ("Property"). The Debtor filed the present Chapter 7 case on October 15, 2005.

The Debtor purchased the Property in 1994. On August 11, 2004 the Debtor moved onto the Property and recorded a homestead against the Property pursuant to applicable Nevada law. When the Debtor filed this case he scheduled the value of the Property to be $240,000.00 which

was the same value that he scheduled for the Property when he filed the Chapter 13 case in August of 2004. Oddly, when filing this case the Debtor did not take into consideration any increase in value that would have accrued as a result of the strong market in the Reno, Nevada area.

The Property is currently in escrow, as described in the Trustee's motion, to be sold for $370,000.00 pending court approval. The purposed sale is set to close on November 30, 2006.

## LEGAL DISCUSSION

### The proceeds from the sale of the Property, less costs of sale, payment of secured debt and payment of the Debtor's $125,000.00 homestead exemption, should be property of the estate.

This Court previously ruled in this case, among other things, that § 522(p)(1) of the Bankruptcy Code limits the Debtor's homestead exemption to $125,000.00. See *In re Greene*, 346 B.R. 385 (Bankr. D. Nev. 2006).

The Bankruptcy estate should net approximately $145,000.00 from the sale of the Property.[1] The Debtor, however, argues that the appreciation of the value of the Property from August 2004 is not property of the bankruptcy estate. However, the cases cited by the Debtor for such proposition do not apply to the case at hand. For example, in the cases of *In re Blair*, 334 B.R. 374 (Bankr. M.D. Fla. 2006) and *In re Sainlar*, 344 B.R. 669 (Bankr. N.D. Tex. 2005) the debtors therein claimed homesteads more than 1215 days prior to the filing of the bankruptcies. Thus,§ 522 (p) did not apply, whereas that code section clearly does apply in this case.

Likewise, the case of *In re Rasmussen*, 349 B.R. 747 (Bankr. M.D. Fla. 2006), also cited by the Debtor, focuses mainly on the issue of stacking of homestead exemptions for married debtors. In *Rasmussen* the court found that § 522(p) did apply but that the debtors had separate homestead exemptions of $125,000.00 apiece which could be stacked for a maximum homestead exemption of $250,000.00 to protect the property at issue and that no excess equity existed over the stacked homesteads. *Id.*

Strangely, after ruling that there was no equity in the Property in excess of the stacked homestead amounts and thus no value in the property for the trustee to administer, the *Rasmussen*

---

[1] Sale price: $370,000
Minus approximate secured debt: $77,000
Minus approximate real estate costs of sale: $22,200.00
Minus the Debtor's Homestead exemption: $125,000.00
Approximate balance of sale proceeds: $145,880.00

COPE & GUERRA
595 Humboldt St.
Reno, NV 89509
(775) 333-0838
Fax (775) 333-6694

2

court went on to address the debtors' moot contention that "post acquisition appreciation" should not be property of the bankruptcy estate. *Id.* Although, the plain language of § 522(p) and the legislative intent clearly provide to the contrary [2], the court suggested that appreciation in value of a property should be added to the $125,000.00 cap established by § 522(p) as part of the homestead exemption. The Trustee respectfully submits that the *Rasmussen* court's analysis is incorrect on its face, does not apply to this case and the Trustee concurs with and incorporates herein by reference the well reasoned arguments pertaining to *Rasmussen* set forth in the reply to the Opposition filed herein by creditor, Reina Wells ("Wells").

Finally, as also mentioned in Wells' reply to the Opposition, the Debtor completely ignores the application of *In re Viet Vu*, 245 B.R. 644 (9th Cir. BAP 2000) which case confirms, in the Ninth Circuit, that post petition appreciation in the value of real property is property of the estate. See also *In re Alsberg*, 68 F.3d 312, 314-15 (9th Cir. 1995); *In re Hyman*, 967 F.2d 1316, 1321 (9th Cir. 1992); *In re Reed*, 940 F.2d 1317, 1323 (9th Cir. 1991).

## CONCLUSION

Based upon the forgoing, the Trustee respectfully requests that the Court approve her motion and rule that the estate is entitled to all proceeds of the sale of the Property after payment of the Debtor's homestead, costs of sale and secured claims.

DATED this 16th day of November, 2006.

COPE & GUERRA

William D. Cope, Esq. Attorney
for Trustee, Anabelle Savage

---

[2] See, e.g. Legislative History referenced in the Opposition.

COPE & GUERRA
595 Humboldt St.
Reno, NV 89509
(775) 333-0838
Fax (775) 333-6694

3