RECEIVED AND FIL[ED]
2007 MAY 16  AM 11: 09

U.S. BA[NKRUPTCY] COURT
PATRICIA GRAY, CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BK: 05-54727

| | | |
|---|---|---|
| IN RE | ) | 3:06-cv-00567-HDM-RAM |
| SCOTT K. GREENE, | ) | Consolidated with: |
| Debtor, | ) | 3:06-cv-00679-HDM-RAM |
| SCOTT K. GREENE, | ) | |
| Appellant | ) | ORDER |
| vs. | ) | |
| RENA WELLS, | ) | |
| Appellee. | ) | |

Before the court is Debtor Scott K. Greene's ("Greene") appeal from a final order and judgment of the United States Bankruptcy Court. The bankruptcy court held that Greene was only entitled to a $125,000 exemption for his homestead property. Green asserts that the bankruptcy erred in its interpretation and application of 11 U.S.C. § 522(p)(1)(A).

**FACTS**

The facts in this case are not in dispute. Greene purchased a parcel of undeveloped land located at 450 Alamosa Drive in Sparks,

1

1 Nevada in May of 1994. On August 11, 2004, Green moved a travel
2 trailer onto the property. That same day, Greene recorded a
3 declaration of homestead with Washoe County. There had been no
4 improvements to the property prior to Greene moving the trailer
5 onto the land. Greene did not reside on the property until August
6 of 2004. Greene first filed for bankruptcy on August 27, 2004.
7 That petition was voluntarily dismissed by Greene on February 17,
8 2005. Greene again filed for bankruptcy on October 15, 2005, and
9 among things claimed a homestead exemption of $350,000. The
10 bankruptcy judge concluded that Greene was entitled to a homestead
11 exemption, but limited it to $125,00. This appeal followed.

**STANDARD OF REVIEW**

A district court reviews *de novo* a bankruptcy court's conclusions of law. *In re Lazar*, 83 F.3d 306, 308 (9th Cir. 1996).

**ARGUMENT**

Greene challenges the bankruptcy judge's interpretation of 11 U.S.C. § 522(p)(1)(A). 11 U.S.C. § 522(p)(1)(A) states:

"[A] debtor may not exempt any amount of interest that was acquired by the debtor during the 1215-day period preceding the date of the filing of the petition that exceeds in the aggregate $125,000 in value in ... real or personal property that the debtor or a dependent of the debtor uses as a residence"

Greene asserts that the declaration of a homestead is not an "amount of interest acquired by the debtor", rather it is simply a declaration and not subject to the provisions of § 522(p)(1)(A). Appellee Rena Wells ("Wells") urges the court to affirm the bankruptcy judge's ruling.

In support of his interpretation of § 522, Greene directs the

1  court to *In re Rogers* decided after the bankruptcy court issued its
2  ruling in this case.  In that case, the United States District
3  Court for the Northern District of Texas, after acknowledging the
4  conflicting authority of *In re Greene*, affirmed the holding of the
5  bankruptcy court and stated, "'interest' does not encompass the
6  classification of real property as a homestead..." because it was
7  incapable of being "reduced to a quantitative, monetary measure."
8  *In re Rogers*, 354 B.R. 792, 798.
9       This court respectfully disagrees with this holding.  As the
10 bankruptcy court in the case at bar properly concluded, the
11 language of 11 U.S.C. § 522(p)(1) is clear and unambiguous when it
12 states, "a debtor may not exempt any amount of interest that was
13 acquired...."  The purchase of real property under Nevada law does
14 not equate with the acquisition of a homestead interest.  The mere
15 act of purchasing real property does not automatically activate a
16 homestead interest in the property.  That interest must be acquired
17 through the acts of the purchaser in accordance with the laws of
18 the homestead statute.  As the bankruptcy judge properly concluded,
19 the acquisition of real property and the acquisition of the
20 homestead interest are two discrete interests and require separate
21 acts.
22      The "amount of" modifier to the term "interest" in the statue
23 does not change the result since "amount of" refers to the value of
24 the property protected by the homestead.  Prior to the declaration
25 of the homestead, the value of the property in its entirety,
26 subject to the provisions of § 522, would not be exempt.
27      Here the debtor acquired an interest in the property within
28 the 1215-day period preceding the filing of the bankruptcy petition

1 | by residing on the property with the intent of using the property
2 | as his primary residence and filing the declaration of homestead.
3 | The provisions of § 522(p)(1) operate to limit the amount of
4 | interest to $125,000 as the bankruptcy court properly concluded.
5 | **AFFIRMED.**
6 | DATED: This 15th day of May, 2007.

*Howard D. McKibben*
UNITED STATES DISTRICT JUDGE