William D. Cope, Esq., SBN #1711
**WILLIAM D. COPE, LLP**
595 Humboldt Street
Reno, Nevada 89509
Telephone: (775) 333-0838
Facsimile: (775) 333-6694
cope_guerra@yahoo.com

Attorney for Anabelle Savage, Trustee

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | Case No. 05-54727-GWZ |
| SCOTT K. GREENE | Chapter 7 |
| Debtor. | Hearing Date: August 5, 2009<br>Hearing Time: 10:00 a.m.<br>Time Required: 5 minutes |

**MOTION TO APPROVE COMPROMISE;
POINTS AND AUTHORITIES**

ANABELLE SAVAGE, the duly appointed Chapter 7 Trustee ("Trustee") in the above-captioned case, by and through her attorney, WILLIAM D. COPE, ESQ., hereby requests that the Court approve the compromises of the matters in the Complaint to Compel Turnover of Property filed herein on October 12, 2007 as Adversary No. 05115 ("Action") between the Trustee and Defendant/Debtor, SCOTT K. GREENE ("Greene"), and Defendant, SHARON BRANDSNESS ("Brandsness"), as follows. This Motion is made and based upon the Points and Authorities set forth below, the matters and papers on file in this case, and all attachments to this Motion.

**POINTS AND AUTHORITIES**

**I. FACTS**

Greene filed the above-captioned Chapter 7 case on October 7, 2005. The Trustee filed the Action against Greene and Greene's mother, Brandsness, (collectively "Defendants") to

WILLIAM D. COPE, LLP
595 Humboldt Street
Reno, Nevada 89509
(775) 333-0838
Fax: (775) 333-6694
cope_guerra@yahoo.com

-1-

compel the turn over of certain property of the bankruptcy estate consisting of horses, horse trailers, jewelry items, various items of personal property such as sheds, hand tools, televisions, heaters, lawn tools, painting equipment, veterinary inventory and other items ("Property").

Greene and the Trustee have come to an agreement that Greene shall pay the estate four thousand two hundred ($4,200.00) dollars for the value of the estate Property in his possession, which amount, the parties agree constitutes the value of such Property. The terms of the agreement between the parties are set forth in the Settlement Agreement and Mutual Release of Claims between Greene and the Trustee. A true and correct copy of such Agreement is attached hereto as Exhibit "A" and incorporated herein by reference.

Brandsness largely disputes the allegations that she is in possession of Property of the estate. However, to prevent further litigation and costs to the parties, Brandsness and the Trustee have agreed to resolve the action through Brandsness' payment of one thousand ($1,000.00). The agreement between the Trustee and Brandsness is fully set forth in the Settlement Agreement and Mutual Release of Claims between the parties. A true and correct copy of such Agreement is attached hereto as Exhibit "B" and incorporated herein by reference.

## II. ARGUMENT

### The Settlement Agreement should be approved.

Compromises are favored under the bankruptcy code, and approval of a compromise rests on the sound discretion of the court. *Protective Committee for Independent Stockholders of TMT Trailer Ferry Inc. v. Anderson,* 390 U.S. 414, 424 (1968), *reh den.* 392 U.S. 909, 20 L. Ed. 2d 425, 88 S. Ct. 1157 (1968); *In re A & C Properties,* 784 F.2d 1377, 1380-81 (9th Cir. 1986), *rev'd on other grounds, In re Washington Public Power Supply System Sec. Litigation,* 823 F.2d 1349 (9th Cir. 1987); *cited with approval, Arden v. Motel Partners,* 176 F.3d 1226, 1228 (9th Cir. 1999). The approval of a compromise is governed by Fed. R. Bankr. Pro. 9019(a), which states:

///

WILLIAM D. COPE, LLP
595 Humboldt Street
Reno, Nevada 89509
(775) 333-0838
Fax: (775) 333-6694
cope_guerra@yahoo.com

-2-

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

The decision to approve or disapprove a compromise rests on the sound discretion of the bankruptcy court. *See In re Stein*, 236 B.R. 34, 37 (Bankr. D. Or. 1999). The law favors compromise "as long as the bankruptcy court amply considered the various factors that determined the reasonableness of the compromise." *In re A & C Properties*, 784 F.2d 1377, 1382 (9th Cir. 1986). If the compromise is fair and equitable and in the best interest of creditors, the court may approve the compromise. *TMT Trailer Ferry*, 390 U.S. at 424; *Jacobson v. Robert Speece Properties, Inc.*, 159 B.R. 314, 317 (Bankr. E.D. Cal. 1993); *Bankruptcy Receivables Mgmt. V. DeArmond*, 240 B.R. 51, 56 (Bankr. C.D. Cal. 1999). The ninth circuit court of appeals has held that

> in order to determine whether a proposed settlement is fair and equitable, the bankruptcy court must consider four factors: (a) The probability of success in litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*A & C Properties*, 784 F.2d at 1381; *Arden*, 176 F.3d at 1228; *Schmitt v. Ulrich*, 215 B.R. 417, 421 (9th Cir. BAP 1997). The trustee is not necessarily required to satisfy each of these factors as long as the factors as a whole favor approving the settlement. *See In re Pacific Gas and Electric Co.*, 304 B.R. 395, 416 (Bankr. N.D. Cal. 2004); *In re WCI Cable, Inc.*, 282 B.R. 457, 473-74 (Bankr. D. Or. 2002). However, the settlement agreement does not have to be the best the debtor could have possibly obtained; it must only fall "within the reasonable range of litigation possibilities." *In re Adelphia Comm. Corp.*, 327 B.R. 143, 159 (Bankr. S.D.N.Y. 2005) (citiing *In re Penn Cent. Transp. Co.*, 596 F.2d 1102, 1114 (3d Cir. 1979) for the proposition that the court may approve a settlement even if it believes the trustee would ultimately be successful).

WILLIAM D. COPE, LLP
595 Humboldt Street
Reno, Nevada 89509
(775) 333-0838
Fax: (775) 333-6694
cope_guerra@yahoo.com

As set forth below, the proposed compromises comport with these standards, are fair and reasonable and are in the best interest of the creditors.

### A. Probability of success in litigation.

The Trustee believes that the probability of success against Brandsness would be problematic for the estate because much of the evidence would be from Greene and/or Brandsness, and the litigation would be relatively expensive and time consuming. The Trustee believes that the compromise with Greene approximates the value of the non-exempt estate Property in Greene's possession and, thereby the settlement amount is appropriate.

### B. Difficulties in collection of a judgment.

This factor figures significantly in the analysis with respect to Greene because it appears that Greene would not be able to pay a judgment.

### C. Complexity of the litigation.

The litigation should not be complex. It would simply be time consuming and expensive for the parties.

### D. Interests of the Creditors.

The fourth and final factor for the court to consider in disposing of a motion to compromise, i.e. the interest of the creditors, weights strongly in favor of approving the proposed settlements. Litigation entails inherent risk. The losing party has rights on appeal. Assuming the Trustee were successful in the litigation, as mentioned above, the litigation would be expensive and collection of any judgment may be problematic.

Accordingly, these considerations urge the propriety of the proposed settlements. The result would be that the litigation against Brandsness and Greene would be finalized; the funds would be transferred to the estate; risk would be eliminated and costs would be reduced. Therefore, the Trustee submits that the fourth prong of the test to approve the settlement is met.

///

///

WILLIAM D. COPE, LLP
595 Humboldt Street
Reno, Nevada 89509
(775) 333-0838
Fax: (775) 333-6694
cope_guerra@yahoo.com

-4-

### III. CONCLUSION

Therefore, the Trustee respectfully submits that the proposed settlements meet the test of *A & C Properties* and asks that the Court approve the Settlement Agreements and Mutual Releases attached hereto and authorize the Trustee to take steps necessary to finalize the Agreements.

DATED this 11th of June, 2009

WILLIAM D. COPE, LLP

_____
WILLIAM D. COPE, ESQ.
ATTORNEY FOR THE TRUSTEE

WILLIAM D. COPE, LLP
595 Humboldt Street
Reno, Nevada 89509
(775) 333-0838
Fax: (775) 333-6694
cope_guerra@yahoo.com

# EXHIBIT "A"

## SETTLEMENT AGREEMENT
## and
## MUTUAL RELEASE OF CLAIMS

This Settlement Agreement and Mutual Release of Claims ("Agreement") is entered into by and between Anabelle Savage, in her capacity as Chapter 7 Trustee for the Bankruptcy estate known as <u>In re Scott Greene</u>, Case No. 05-54727, pending in the United States Bankruptcy Court for the District of Nevada ("Trustee"), and Scott Greene ("Greene"), Defendant in the Adversary Case No. 07-05115 ("Action") pending in the subject bankruptcy case.

<u>RECITALS</u>

WHEREAS, Greene filed his Chapter 7 Bankruptcy Petition on October 7, 2005;

WHEREAS, the Trustee filed the Action against Greene for turnover of certain non-exempt assets to the bankruptcy estate;

WHEREAS, the Trustee alleges that Greene is in possession of certain assets that are property of the bankruptcy estate such as various horses, horse trailers, etc.;

WHEREAS, Greene has agreed that he is in possession of such assets and the parties have agreed that the value of the same is four thousand two hundred ($4,200.00) dollars.

NOW, THEREFORE, in consideration of their mutual covenants and promises herein contained and to avoid further litigation between the parties, it is hereby agreed to by and between the parties as follows:

1. Greene shall pay the estate four thousand two hundred ($4,200.00) dollars ("Settlement Payment").

2. Upon payment of the Settlement Payment, the parties hereto acknowledge and agree that after full approval of the Agreement by the Court that they, Greene's estate, their successors, and assigns, including directors, officers and alleged co-debtors of any type except as

set forth herein above, hereby and forever release, waive and forego any rights, causes of action, and/or claims of any type that they may have otherwise attempted to assert against one another and as of the date of the approval of the Agreement by the Court, the Agreement shall establish the relationship of the parties from the date of the approval forward. This release and waiver shall be restricted to the turnover issues raised by the pleadings on file in this Case and shall not be construed to restrict the rights or duties of the parties as to other issues now pending before this or any other court in the main case, in any other adversary proceeding, or in any appeal.

3. The Trustee shall take all appropriate steps to obtain Bankruptcy Court approval of the Agreement in Greene's Chapter 7 case.

4. After Court approval of the Agreement and payment of the Settlement payment, the Trustee shall dismiss the action as to Greene with prejudice, with each party to bear his or her own fees and costs.

5. The parties to the Agreement acknowledge that the promises and covenants contained herein are the entire and sole consideration for the Agreement, and further acknowledge that the parties or their counsel shall be responsible for the payment of their own attorney's fees, legal expenses and costs.

6. The Agreement sets forth the entire agreement between the parties hereto as to the subject matter set forth herein and fully supersedes any and all prior agreements and understandings, written or oral, between the parties hereto pertaining to the subject matter hereof.

7. If any action at law or equity is necessary to enforce or interpret the Agreement or any term hereof, the prevailing party shall be entitled to recover their reasonable costs and attorney's fees in addition to any other relief to which they may be entitled.

8. The Agreement shall enure to the benefit of and shall be binding upon the

12.     The parties hereto each acknowledge that they have read and fully understand the Agreement.

DATED:     this 10 day of June, 2009        _____
                                             Anabelle Savage, Plaintiff/Chapter 7 Trustee


DATED:     this ____ day of May, 2009       _____
                                             Scott Greene, Defendant/Debtor

4

successors and assigns of the parties hereto, and each of them.

9. Each person executing this Agreement represents that the execution of the Agreement has been duly authorized by the party on whose behalf the person is executing the Agreement and that such person is authorized to execute the Agreement on behalf of such party.

10. By signing the Agreement, the parties hereby represent and warrant that the compromise of the disputed claims and the settlement described herein is a matter to which both parties have been fully advised and represented by legal counsel of their own selection, or knowingly waived the same, that they are fully familiar with all of the circumstances surrounding the incident or incidents, that in executing the Agreement, neither party has been in any way influenced by any representation or statement whatsoever regarding the matter set forth herein, or any other matter incident hereto, which representations or statements may have been made by any person, individual, agent, employee or servant thereof, of any party who is hereby released, or by any persons representing any of them, except as otherwise set forth herein.

11. It is understood by all parties that the Agreement constitutes a compromise of doubtful and disputed claims, and that the payment and the receipt of the aforesaid sum of money is not to be construed as an admission or acknowledgment of liability or responsibility whatsoever on the part of either party or any individual, person, agent, servant, employee or representative thereof, herein released, by whom all liability or responsibility is expressly denied.

12. The parties hereto each acknowledge that they have read and fully understand the Agreement.

DATED this _____ day of June, 2009

_____
Anabelle Savage, Plaintiff/Chapter 7 Trustee

DATED this  10TH  day of June, 2009

_____
Scott Greene, Defendant/Debtor

# EXHIBIT "B"

# SETTLEMENT AGREEMENT
## and
## MUTUAL RELEASE OF CLAIMS

This Settlement Agreement and Mutual Release of Claims ("Agreement") is entered into by and between Anabelle Savage, in her capacity as Chapter 7 Trustee for the Bankruptcy estate known as In re Greene, Case No. 05-54727, pending in the United States Bankruptcy Court for the District of Nevada ("Trustee"), and Sharon Brandsness ("Brandsness"), Defendant in the Adversary Case No. 07-05115 ("Action") pending in the subject bankruptcy case.

## RECITALS

WHEREAS, Debtor, Scott Greene ("Greene"), filed his Chapter 7 Bankruptcy Petition on October 7, 2005;

WHEREAS, Brandsness is Greene's mother;

WHEREAS, the Trustee filed the Action against Brandsness and Greene for turnover of certain non-exempt assets to the bankruptcy estate;

WHEREAS, the Trustee alleges that Brandsness is in possession of certain assets that are property of the bankruptcy estate such as various horses, horse trailers, etc., because such assets were registered in the names of both Brandsness and Greene and are now in Brandsness' possession;

WHEREAS, Brandsness has provided evidence that she, in fact, made all the payments for the majority of the assets and maintains that Greene was only on the registration to the assets to avoid probate in the event of her death;

1

WHEREAS, inasmuch as Brandsness was not able to provide proof that she, paid for all of the assets the parties hereto seek to resolve this matter by way of settlement to avoid additional costs and expenses of litigation;

NOW, THEREFORE, in consideration of their mutual covenants and promises herein contained and to avoid further litigation between the parties, it is hereby agreed to by and between the parties as follows:

1. Brandsness shall pay the estate one thousand dollars ($1,000.00) ("Settlement Payment").

2. Upon payment of the Settlement Payment, the parties hereto acknowledge and agree that after full approval of the Agreement by the Court that they, Greene's estate, their successors, and assigns, including directors, officers and alleged co-debtors of any type except as set forth herein above, hereby and forever release, waive and forego any rights, causes of action, and/or claims of any type that they may have otherwise attempted to assert against one another and as of the date of the approval of the Agreement by the Court, the Agreement shall establish the relationship of the parties from the date of the approval forward.

3. The Trustee shall take all appropriate steps to obtain Bankruptcy Court approval of the Agreement in Greene's Chapter 7 case.

4. After Court approval of the Agreement and payment of the Settlement Payment, the Trustee shall dismiss the action as to Brandsness with prejudice, with each party to bear her own fees and costs.

5. The parties to the Agreement acknowledge that the promises and covenants contained herein are the entire and sole consideration for the Agreement, and further acknowledge that the

parties or their counsel shall be responsible for the payment of their own attorney's fees, legal expenses and costs.

6. The Agreement sets forth the entire agreement between the parties hereto as to the subject matter set forth herein and fully supercedes any and all prior agreements and understandings, written or oral, between the parties hereto pertaining to the subject matter hereof.

7. If any action at law or equity is necessary to enforce or interpret the Agreement or any term hereof, the prevailing party shall be entitled to recover their reasonable costs and attorney's fees in addition to any other relief to which they may be entitled.

8. The Agreement shall enure to the benefit of and shall be binding upon the successors and assigns of the parties hereto, and each of them.

9. Each person executing this Agreement represents that the execution of the Agreement has been duly authorized by the party on whose behalf the person is executing the Agreement and that such person is authorized to execute the Agreement on behalf of such party.

10. By signing the Agreement, the parties hereby represent and warrant that the compromise of the disputed claims and the settlement described herein is a matter to which both parties have been fully advised and represented by legal counsel of their own selection, or knowingly waived the same, that they are fully familiar with all of the circumstances surrounding the incident or incidents, that in executing the Agreement, neither party has been in any way influenced by any representation or statement whatsoever regarding the matter set forth herein, or any other matter incident hereto, which representations or statements may have been made by any person, individual, agent, employee or servant thereof, of any party who is hereby released, or by any persons representing any of them, except as otherwise set forth herein.

11. It is understood by all parties that the Agreement constitutes a compromise of doubtful and disputed claims, and that the payment and the receipt of the aforesaid sum of money is not to be construed as an admission or acknowledgment of liability or responsibility whatsoever on the part of either party or any individual, person, agent, servant, employee or representative thereof, herein released, by whom all liability or responsibility is expressly denied.

12. The parties hereto each acknowledge that they have read and fully understand the Agreement.

DATED: this _8_ day of ~~May~~ June, 2009      _____
                                                Anabelle Savage, Plaintiff/Chapter 7 Trustee


DATED: this ____ day of May, 2009       _____
                                        Sharon Brandsness, Defendant

4

11. It is understood by all parties that the Agreement constitutes a compromise of doubtful and disputed claims, and that the payment and the receipt of the aforesaid sum of money is not to be construed as an admission or acknowledgment of liability or responsibility whatsoever on the part of either party or any individual, person, agent, servant, employee or representative thereof, herein released, by whom all liability or responsibility is expressly denied.

12. The parties hereto each acknowledge that they have read and fully understand the Agreement.

DATED: this ____ day of May, 2009        _____
                                          Anabelle Savage, Plaintiff/Chapter 7 Trustee

DATED: this 15th day of May, 2009        _____
                                          Sharon Brandsness, Defendant

4