William D. Cope, Esq., Nevada Bar #1711
WILLIAM D. COPE, LLP
595 Humboldt Street
Reno, NV 89509-1603
(775) 333-0838
Fax (775) 333-6694
cope_guerra@yahoo.com

Attorney for Annabelle Savage; Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | Case No.: BK-N-05-54727-GWZ<br>Chapter 7 |
| SCOTT K. GREENE | **OBJECTION TO DEBTOR'S AMENDMENTS TO SCHEDULES** |
| Debtor.<br>_____ / | Hearing Date: NOVEMBER 10, 2010<br>Hearing Time: 10:00 AM<br>Time Requested: 10 MIN |

Annabelle Savage, duly appointed Chapter 13 Trustee ("Trustee"), by and through her attorney, William D. Cope, Esq., hereby objects to the amendments to Schedule A, Schedule C, and Summary of Schedules filed herein by Debtor, Scott Greene, ("Greene"). This objection is made and based on the matters and papers on file in this case and the matters that shall be presented at the hearing of this objection.

**POINTS AND AUTHORITIES**

I.  FACTUAL AND PROCEDURAL BACKGROUND

On October 15, 2005, Greene filed the instant Chapter 7 bankruptcy petition, in which he claimed the market value of his real property to be $240,000, and further claimed that amount as exempt pursuant to the Nevada homestead statute. One of the creditors, Rena Wells, filed an objection to the claim of exemption, challenging the validity of the homestead exemption and also contending that, even if the homestead was valid, it should be reduced to $125,000 pursuant to 11 U.S.C. § 522(p)(1), because the homestead was acquired within 1,215 days of the filing of the

1  petition.

2      This Court concluded that Greene's homestead was a property interest acquired within 1,215 days of his bankruptcy petition filing, because he moved onto the property and filed his declaration of a homestead during that period. Therefore, this Court ruled that Greene's homestead exemption was limited to $125,000 under § 522(p).

    Subsequently, the Trustee filed a Motion for an Order Authorizing Sale of the Property Free and Clear of Liens and Encumbrances. Greene filed an opposition to this Motion, arguing, among other things, that as a result of his homestead exemption, he was entitled to any appreciation in the market value of the property over the $240,000 valuation. This Court rejected Greene's contention, finding, based upon Greene's declaration that the value of the property was $240,000 as of the time when he filed his petition, that any increase in value over the declared amount belonged to the Trustee as post-petition appreciation. See In re Viet Vu, 245 B.R. 644, 647 (9th Cir. BAP 2000)(post-petition appreciation of homestead property inures to the benefit of the estate). This Court then authorized the sale of the property. The property was subsequently sold for $370,000, thus establishing the value of the post-petition appreciation at $130,000.

    Following the district court's affirmance of this Court's ruling, Greene appealed to the Ninth Circuit. With respect to this Court's ruling that Greene's homestead exemption was limited to the $125,000 cap, the Ninth Circuit held that where a debtor initiates his residency on the property and records a homestead during the 1,215 day period prior to filing his bankruptcy petition, § 522(p) does not mandate imposition of a monetary cap on the state law homestead, where the debtor purchased the property before the commencement of the 1,215 day period.

    On appeal, Greene further argued that this Court erred in failing to provide him an evidentiary hearing as to the amount of pre-petition appreciation of the property before granting the Trustee authorization to sell the property. Greene's claim, in essence, was that the Bankruptcy Court did not determine whether any portion of the appreciation occurred prior to the filing of his petition in 2005. He further contended that any pre-petition appreciation was exempted from the estate.

    The Ninth Circuit agreed with this Court that, on Greene's own admissions, no such pre-

petition appreciation occurred. The Ninth Circuit noted that in his 2005 Chapter 7 petition, Greene declared, under penalty of perjury, that the value of the property was $240,000. As the Ninth Circuit recognized, if the value of the property in 2005 when Greene filed the petition was $240,000, the subsequent sale of the property for a higher amount necessarily captured only post-petition appreciation. The Ninth Circuit pointed out that Greene did not argue that any such post-petition appreciation is exempt. Indeed, Greene's claim was simply that the Bankruptcy Court failed to conduct a hearing to determine how to divide the appreciation pre and post-petition, so that the pre-petition appreciation would be exempted.

The Ninth Circuit held that this Court correctly ruled that no evidentiary hearing was necessary to resolve this question on these facts. Accordingly, the Ninth Circuit held that, absent any proper amendment to the petition, the bankruptcy estate is entitled to retain all of the appreciation in the value of the property in excess of $240,000. In re Greene, 583 F.3d 614, 626 (9th Cir, 2009).

Not surprisingly, on April 19, 2010, Greene filed a "Notice of Amendments to Schedule A, Real Property, Schedule C, Exemptions, and Summary of Schedules." The Notice states that the value of the property should be increased from $240,000 to $370,000 "as appraised on April 15, 2010, for its 2005 market value." The Notice further purports to claim an exemption for the "amended market value of Debtor's residence as stated above." Greene has supported his amendment with an appraisal dated April 15, 2010, purporting to show that the value of the property was $370,000 on the date of the petition.[1]

The estate currently has funds in the amount of approximately $102,000. There are attorney's fees and costs in the amount of $23,538.19. See William D. Cope's final application for approval

---

[1] The Trustee's attorney reviewed Greene's appraisal with an appraiser and was advised that the appraisal could have certain problems that could be verified after a more in depth investigation of the appraisal and that it may in fact be substantially inflated. However, the Trustee and her attorney concluded that the additional fees associated with a thorough investigation and contest of the appraisal would be a waste of funds for the estate.

WILLIAM D. COPE
595 Humboldt St.
Reno, NV 89509
(775) 333-0838
Fax (775) 333-6694

of administrative fees and costs, filed contemporaneously herewith.[2] There are also Trustee's fees and costs of approximately $22,057.00. The Trustee's fees and costs will be addressed in the Trustee's final report to be filed at a later date.

Greene claims that he is entitled to all of the remaining assets of the estate. Greene has asserted two grounds for his position. First, Greene contends that because he originally claimed a Schedule C exemption in the amount of $240,000, he is entitled to receive all net proceeds of the sale up to the amount of $240,000. In the alternative, Greene contends that as a result of his amendment to Schedule A, there was no post-petition appreciation, and therefore the estate has no right to any of the proceeds of the sale.

## II. LEGAL DISCUSSION

### A. Regardless of Whether Greene's Original Claim of Exemption was Intended to Claim the Whole Property as Exempt, the Post-Petition Appreciation Belongs to the Estate.

Greene has contended, in correspondence with Trustee's counsel, that even if he did not amend Schedule C, he is entitled to receive a total of $240,000 from the estate based on his original claim of exemption. Since he previously received $125,000 following the sale of the property, he believes that the estate now owes him another $115,000.

To the best that the Trustee can discern, Greene seems to believe that the Ninth Circuit held that his claim of exemption allows him to exempt $240,000 of the proceeds of the sale. Greene has stated that "the actual holding of the Ninth Circuit agrees with this, as above: any value in excess of $240,000 belongs to the estate. The contra of this is that any value less than $240,000 belongs to Scott." But Greene's interpretation of the Ninth Circuit's holding is exactly backwards. The Ninth Circuit actually held that "absent any proper amendment to the petition, the bankruptcy estate is entitled to retain all of the appreciation in the value of the property; that is, any value in excess of $240,000." In other words, according to the Ninth Circuit, the bankruptcy estate is entitled to retain $130,000, and Greene is entitled to the remainder. Since the mortgage was $78,000 (paid-off at the

---

[2] Mr. Cope also intends to supplement his application for fees and costs incurred through the date of the hearing of the application.

sale), and since Greene already received $125,000, he would be entitled to an additional $37,000, assuming no amendment to his schedules.

In any event, Greene has never previously contended in this case, at any level, that he is entitled to the post-petition appreciation upon his original claim of exemption. As the Ninth Circuit specifically recognized "Greene does not argue that any such post-petition appreciation is exempt." Thus, the Ninth Circuit noted that Greene waived any argument that the post-petition appreciation is exempt. In re Greene, 583 F.3d at 625. Having failed to raise this argument on appeal, Greene is barred from doing so on remand. See, U.S. v. Campbell, 168 F.3d 263, 265 (6th Cir. 1999); Blackwell v. International Union, 487 N.E. 2d 334 (Ohio App. 1984); United States v. Hicks, 146 F.3d 1198, 1200 (10th Cir. 1998); Cowgill v. Raymark Industries, 832 F.2d 798, 802 (3rd Cir. 1987). Under the mandate branch of the law of the case doctrine, a decision made at a previous stage of litigation, which could have been challenged in the ensuing appeal, but was not, becomes the law of the case; the parties are deemed to have waived the right to challenge that decision. County of Sarpy v. City of Gretna, 755 N.W. 2d 376, 381 (Neb. 2008). Under such authorities, Greene's attempt to now wrestle the post-petition appreciation away from the estate is precluded by his failure to ever assert a claim to such value at any previous stage of this case.

**B.    Even if Greene is Permitted to Amend his Bankruptcy Schedules, such an Amendment Must be Conditioned on Greene Paying All Administrative Expenses.**

Greene is also apparently claiming that his amendment, and the supporting appraisal, show that all appreciation occurred pre-petition, and therefore that there is no post-petition appreciation to benefit the bankruptcy estate. Greene further contends that as a result of the amendment, his exemption takes priority over administrative expenses previously incurred by the estate. Once again, however, there is absolutely no legal support for his position.

The case of In re Arnold, 252 B.R. 778 (9th Cir. BAP 2000), is directly on point. In Arnold, the debtors had a personal injury claim at the time the petition was filed but did not claim an exemption in their initial schedules. The Chapter 7 Trustee prosecuted the claim and negotiated a $200,000 settlement. Soon thereafter, and more than three years after commencement of the case,

WILLIAM D. COPE
595 Humboldt St.
Reno, NV 89509
(775) 333-0838
Fax (775) 333-6694

5

the debtors amended their Schedules B and C to include an exemption under state law for the personal injury action. The frustrated trustee objected to the amended claim of exemption, arguing bad faith and prejudice. The BAP found no bad faith in the debtors' late claim of exemption or actual prejudice to third parties, and concluded that the bankruptcy court had no discretion to disallow the amended exemption. However, the BAP recognized the possibility of prejudice to the trustee and attorneys who relied on the original claim of exemption. Thus, the Arnold court held that the trustee and the trustee's counsel should be compensated for services provided to the estate in reliance on the debtors' original schedules.

In the present case, the Trustee and her attorneys have incurred fees that fall into two categories. The first category involves fees incurred in connection with an action filed against the Debtor as a result of the assets owned by the Debtor that were not disclosed in his bankruptcy schedules. That action was ultimately settled and resulted in a benefit to the estate.

The second category of fees is the result of the ongoing dispute over the amount of the Debtor's homestead exemption. Based upon this Court's ruling that limited the Debtor's exemption to the $125,000 cap, the Trustee pursued the rights of the estate through two appeals. But even if the Debtor were to ultimately prevail on his argument that the cap did not apply (and therefore that the amount of the exemption would be $350,000), the Trustee would have been entitled to retain approximately $130,000 in post-petition appreciation based upon the Debtor's original schedules. As noted above, until the Debtor amended his schedules, it was undisputed that the amount of post-petition appreciation was $130,000.

Moreover, prior to the remand from the Ninth Circuit, the Debtor had never claimed that post-petition appreciation is exempt. Accordingly, absent an amendment to the Debtor's schedules, the Trustee was entitled to rely on the fact that even if the Debtor's challenge to the exemption cap were successful on appeal, the post-petition appreciation would still belong to the estate.

In addition, since part of the Debtor's appeal involved a challenge to the manner in which the Bankruptcy Court determined the amount of post-petition appreciation, the Trustee was required to defend this Court's determination that the post-petition appreciation was $130,000. The Debtor's

WILLIAM D. COPE
595 Humboldt St.
Reno, NV 89509
(775) 333-0838
Fax (775) 333-6694

argument on appeal with respect to the post-petition appreciation determination was not based upon any possible amendment to the bankruptcy schedules. Had the Trustee failed to defend the Debtor's arguments regarding post-petition appreciation, that amount could have been lost to the estate even if the Debtor had not amended his schedules.

In any event, until the Trustee was presented with competent evidence that there was no post-petition appreciation, the Trustee had no reason to believe that there was none. As noted, the Debtor did not provide the Trustee with an appraisal showing that the appreciation occurred pre-petition until on or about April 19, 2010. Thus, until that date, the Trustee was under a duty to continue to attempt to preserve the value of the post-petition appreciation for the benefit of the estate.

In view of the foregoing, all of the administrative fees incurred by the estate were either the result of the Debtor's failure to disclose assets, or the result of the manner in which the Debtor claimed his homestead exemption on his original schedules. Accordingly, it is respectfully requested that this Court condition the Debtor's amendment upon payment of all outstanding administrative claims in this case.

DATED this 21 day of September, 2010    WILLIAM D. COPE, LLP

By: _____
William D. Cope, Esq.

WILLIAM D. COPE
595 Humboldt St.
Reno, NV 89509
(775) 333-0838
Fax (775) 333-6694