John White, Esq., S.B.#1741  
White Law Chartered  
Twentieth Century Building  
335 West First St.  
Reno, NV 89503  
775-322-8000  
775-322-1228 (Fax)  
john@whitelawchartered.com  
Attorney for Debtor

E-filed on October 13, 2010

UNITED STATES BANKRUPTCY COURT  
DISTRICT OF NEVADA

In re:  )  
        )  CASE NO:   BK-N-05-54727-gwz  
SCOTT K. GREENE,  )  
        )  Chapter 7  
        )  
        )  DEBTOR'S LIMITED OBJECTION  
        )  TO SECOND AND FINAL FEE  
        )  APPLICATION OF WILLIAM D. COPE,  
        )  LLP  
        )  
        Debtor  )  Date of Hearing: November 10, 2010  
_____/ )  Time of Hearing: 10:00 A.M.  
        )

Debtor, by his counsel, White Law Chartered, hereby files this Limited Objection to the Second and Final Fee Application of William D. Cope, LLP ("Limited Objection"), and respectfully states as follows:

1. On September 22, 2010, William D. Cope ("Cope"), filed the instant Second and Final Application for William D. Cope, LLP, for Order Allowing Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred ("Cope Application"). Therein, Cope requests an award of $23,538.19 in fees and costs as compensation for services rendered on behalf of the Chapter 7 Trustee in this Case from June 1, 2007 through August 31, 2010.

1

2. Scott K. Greene, limited objectant, is the Debtor in this Case, having filed his Voluntary Petition under Chapter 7 on October 15, 2005.

3. That the Trustee to date has only paid Debtor a portion ($125,000) of his Homestead exemption.

4. An award of administrative expenses, as requested by Cope, may not be paid from that portion of monies now held by the Trustee which constitute the unpaid portion of Debtor's Homestead, to wit: Debtor's Homestead is property of the Debtor, not property of the estate. *In re Smith,* 235 F.3d 472, 477-78 (9th Cir. 2000). See also *In re Greene,* 583 F.3d 614 (footnote 4) (9th Cir. 2009).

5. Filed herewith is the Declaration of David Rankine, Esq., co-counsel for Debtor in the appellate phase of this case, to the effect that Mr. Cope assured him, prior to any fee applications being approved, that attorney's fees incurred by the Trustee and Trustee's appellate counsel would not be paid from funds claimed by Debtor as exempt Homestead funds.

6. Debtor files this Limited Objection to the Cope Application, solely to clarify that in the event that the Court awards Cope the requested award, such award may not be paid from the unpaid portion of Debtor's Homestead.

DATED: October 13, 2010

_____
John White, Esq.

WHITE LAW CHARTERED LAWYERS
OTH CENTURY BLDG.
35 W. FIRST STREET
RENO, NV 89503

(775) 322-8000
(775) 322-1228