John White, Esq., S.B.#1741  
White Law Chartered  
Twentieth Century Building  
335 West First St.  
Reno, NV 89503  
775-322-8000  
775-322-1228 (Fax)  
john@whitelawchartered.com  
Attorney for Debtor

E-filed on October 13, 2010

UNITED STATES BANKRUPTCY COURT  
DISTRICT OF NEVADA

In re:  )  
 )  CASE NO:  BK-N-05-54727-gwz  
SCOTT K. GREENE,  )  
 )  Chapter 7  
 )  
 )  DEBTOR'S REPLY TO TRUSTEE'S  
 )  OBJECTION TO DEBTOR'S  
 )  AMENDMENTS TO SCHEDULES;  
 )  
 )  COUNTER-MOTION FOR ORDER  
 )  COMPELLING TRUSTEE TO TURN  
Debtor  )  OVER DEBTOR'S HOMESTEAD  
 )  
 )  Date of Hearing: November 10, 2010  
 )  Time of Hearing: 10:00 A.M.  
 /

Debtor, by his counsel, White Law Chartered, hereby replies to the Trustee's Objection to Debtor's Amendments to Schedules, filed herein on September 22, 2010 and moves this Court for an order compelling Trustee to turn over Debtor's Homestead.

In support of this Reply and Motion, Debtor relies upon the below Points and Authorities. the Declaration of David Rankine, filed herewith, and the files and records in this Case.

DATED: October 13, 2010

/s/ John White  
John White, Esq.

WHITE LAW CHARTERED  
LAWYERS  
OTH CENTURY BLDG.  
135 W. FIRST STREET  
RENO, NV 89503  

T (775) 322-8000  
F (775) 322-1228

1

## POINTS AND AUTHORITIES

**<u>FACTS:</u>**

The facts are uncontested. The Voluntary Petition in this Case was filed on October 15, 2005. Schedule C was attached to the Debtor's petition and provided as follows:

Case 05-54727-gwz    Doc 1    Entered 10/15/05 19:56:29    Page 10 of 45

In re: Scott Kevin Greene

SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor(s) elect(s) the exemption to which the debtor(s) is entitled under:

[ ] 11 U.S.C. §522(d)(1) Federal exemptions provided in 11 U.S.C. §522(d). Note: these exemptions are available *only in certain states*.
[X] 11 U.S.C. §522(b)(2) Exemptions available under applicable nonbankruptcy federal laws, state or local laws where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180 day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law. Specifically, debtor selects the exemptions of the state of Nevada.

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Market Value of Property Without Deducting Exemptions |
|---|---|---|---|
| 2000 1 ton Dodge pickup | NRS § 21.090(1)(f) | $15,000.00 | $15,000.00 |
| Clothes | NRS § 21.090(1)(b) | $400.00 | $400.00 |
| Personal items and effects, furniture. 450 Alamosa Dr. and Vista Park Storage | NRS § 21.090(1)(b) | $2,000.00 | $2,000.00 |
| Debtor's residence Alamosa Dr. (all 67 acres) | NRS § 21.090(1)(m) | $240,000.00 | $240,000.00 |
| Remington 12 Gage | NRS § 21.090(1)(i) | $200.00 | $200.00 |
| Medical Library, computers, veterinary supplies, dental instruments, office supplies, generator, freezer etc. | NRS § 21.090(1)(d) | $10,000.00 | $10,000.00 |
| Personal Library, Record Collection | NRS § 21.090(1)(a) | $750.00 | $750.00 |
| Totally In Tune (quarterhorse gelding) | NRS §21.090(1)(c) & (d) | $1000.00 | $1000.00 |

On July 27, 2006, this Court determined that Debtor's homestead exemption was limited to $125,000. See *In re Greene*, 346 B.R. 835. On November 29, 2006, this Court authorized the

2

sale of Debtor's homestead. Both orders were appealed, the appeals were consolidated (Docket 134). The District Court affirmed on May 27, 2007 (Docket 156). On October 2, 2009, the Ninth Circuit determined that Debtor's homestead was not limited to $125,000 (*In re Greene*, 583 F.3d 614).

The Ninth Circuit, as pertains to the present issue, being the post-petition appreciation issue, noted:

> If Greene's claim is that his 2005 petition incorrectly declared the value of the Property, the proper course of action would be for him to amend his petition pursuant to FED. R. BANKR. P. 1009(a), in which "[a] voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the 626*626 case is closed." We note that a court may disallow the amendment only upon "a showing of bad faith or prejudice to third parties," *Arnold v. Gill (In re Arnold),* 252 B.R. 778, 784 (9th Cir.BAP2000) (quoting *Magallanes v. Williams (In re Magallanes),* 96 B.R. 253, 256 (9th Cir. BAP1988)), but take no position as to whether bad faith or prejudice exists in this case.

*In re Greene,* 583 F. 3d 614, 625 (CA 9, 2009).

Neither the recent *Schwab v Reilly*, 130 S Ct, 2652 (2010) nor the even more recent *In re Matter of Gebhart* (07-16769, 07-35704) (9th Cir, Sept 14, 2010) caste any doubt on the aforequoted language in *In re Greene*.

Following the Ninth Circuit's decision, Debtor had the property appraised by John E. Raphel, a licensed Nevada real estate appraiser, who determined, on April 16, 2010, that the fair market value of Debtor's homestead in October, 2005 was $370,000.

On April 16, 2010, Debtor amended his Schedule C to read as follows:

(The rest of this page is intentionally blank)

In re: Scott Kevin Greene

**AMENDED
SCHEDULE C — PROPERTY CLAIMED AS EXEMPT**

Debtor(s) elect(s) the exemption to which the debtor(s) is entitled under:

( ) 11 U.S.C. §522(d)(1) Federal exemptions provided in 11 U.S.C. §522(d). Note: these exemptions are available only in certain states.

(X) 11 U.S.C. §522(b)(2) Exemptions available under applicable nonbankruptcy federal laws, state or local laws where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180 day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law. Specifically, debtor selects the exemptions of the state of Nevada.

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Market Value of Property Without Deducting Exemptions |
|---|---|---|---|
| 2000 1 ton Dodge pickup | NRS § 21.090(1)(f) | $15,000.00 | $15,000.00 |
| Clothes | NRS § 21.090(1)(b) | $400.00 | $400.00 |
| Personal items and effects, furniture. 450 Alamosa Dr. and Vista Park Storage | NRS § 21.090(1)(b) | $2,000.00 | $2,000.00 |
| Debtor's residence Alamosa Dr. (all 67 acres) | NRS § 21.090(1)(m) | $240,000.00 | $370,000.00 |
| Remington 12 Gage | NRS § 21.090(1)(i) | $200.00 | $200.00 |
| Medical Library, computers, veterinary supplies, dental instruments, office supplies, generator, freezer etc. | NRS § 21.090(1)(d) | $10,000.00 | $10,000.00 |
| Personal Library, Record Collection | NRS § 21.090(1)(a) | $750.00 | $750.00 |
| Totally In Tune (quarterhorse gelding) | NRS §21.090(1)(c) & (d) | $1000.00 | $1000.00 |

Amended Schedule A, filed at the same time, also stated the value of Debtor's residence at $370,000 on the Petition date. Debtor attached Mr. Raphel's appraisal to his Amended Schedules (part of Docket 208). The Trustee has not presented any evidence that this appraisal mis-states the value of Debtor's homestead on October 15, 2005.

On September 22, 2010, the Trustee filed an objection to Debtor's Amended Schedules.

**ISSUES:**

Therefore, the only issues before this Court at this time are whether the Trustee has

WHITE LAW
CHARTERED
LAWYERS
OTH CENTURY BLDG.
35 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

shown that Debtor's Amendment to Schedule C was in bad faith or in prejudice to the rights of third parties and whether the Trustee's Objection was timely filed.

**ARGUMENT:**

The general rule is that, at least in the absence of bad faith or prejudice, a debtor may amend lists or schedules without court permission at any time during the pendency of the case. *In re Magallanes,* 96 BR 253 - (9th Cir. BAP, 1988).

1. NO BAD FAITH has been shown.

The original declared value of Debtor's homestead ($240,000) was sufficient to guarantee Debtor his full homestead as determined by this Court and, on appeal, by the District Court. Amending his schedule C prior to the October 2nd, 2009 decision of the Ninth Circuit would have been largely a useless act. Debtor would have been out-of-pocket for the cost of an appraisal, yet would not have been entitled to an additional penny. As the law does not require anyone to do a futile act, *Ohio v. Roberts,* 448 US 56, 74 (1980), it follows that a Debtor's failure to do a useless act cannot be bad faith. This may explain the Trustee's failure to rest her objection on bad faith grounds.

In any event, there is no bad faith. There is no hiding of assets, the "usual" ground for a finding of bad faith. *In re Arnold,* 252 BR 778, 785 (BAP-9th Circuit 2000). Claiming an exemption late, by itself, is not bad faith. *Arnold, supra,* p 786.

2. NO PREJUDICE

No prejudice to creditors.

The Trustee does not content that any creditor has been prejudiced by the 2010 amendments, i.e. that a creditor would have done something differently had it known the true market value of Debtor's homestead. As the *Arnold* court notes, with approval, the view that simple delay alone does not prejudice creditors is "widely held." p. 787.

No prejudice to Trustee or her counsel.

Excepting the obvious fact that post-petition appreciation issues would not have been

litigated, the Trustee wholly fails to show that she would have acted differently had the true fair market value of the Debtor's homestead been known to her. *Arnold, supra,* p 787. And, as is clear from a reading of the various Greene decisions, the post-petition appreciation issue was not the significant issue on appeal. The significant issue on appeal was whether the Debtor's exemption was subject to the $125,000 limitation in 11 USC §522(p). Only about 10% of the Ninth Circuit's *Greene* opinion is devoted to the post-petition appreciation issue.

Here, Debtor has not amended his claim of exemption. That has always been $240,000. Debtor here simply seeks to amend to establish the accurate value of the property against which his $240,000 exemption is claimed. In contrast, the issue in *Arnold* did not concern the value of an asset originally claimed as exempt (*Arnold* had not scheduled the exempt State Court action as an asset of the estate, much less an exempt asset), but rather whether the Debtor could amend to exempt an asset previously not claimed as exempt.

The Trustee's reliance on the Arnold discussion of prejudice to the Trustee (*Arnold, supra,* p 788 - 789) is misplaced. Though *Arnold* did allow administrative expenses to be paid from exempt assets, there the Trustee and her counsel by their effort obtained the $200,000 in exempt assets for the estate. *Arnold* allowed them to be paid from that fund. Here, the Trustee and her counsel brought nothing into the estate. Their action in the appellate litigation brought not a dime of benefit to either the estate or the creditors.

Nor has the Trustee made any showing of detrimental reliance, to wit, unlike the case in *Arnold,* the evidence here is that the trustee would have done nothing different (excepting argue the post-petition appreciate issue) had the Debtor accurately stated the market value of his home in his original schedules. Further, the September 29, 2010 Declaration of David Rankine, filed herewith, shows that the Trustee, prior to any fee awards in this case, assured Mr. Rankine, then Debtor's co-counsel on the appeals, that he would not seek his fees or expenses from "money that might have to be given to Mr. Greene." (Par. 3). The Rankine Declaration estops the Trustee from now deducting administrative expenses from Debtor's homestead.

Still further, the homestead is inviolate, as the Ninth Circuit notes in *In re Greene*, at footnote 4 (page 626):

> [A] bankruptcy court applying Florida law explained: Homestead is simply a status, constitutionally defined, which exempts certain property from execution . . . . It is not a property interest. When a Florida resident's property acquires homestead status, the owner does not acquire any of the rights traditionally associated with property interests: the right to possession, the right to use, the right to transfer — the owner already holds whatever of those he has. Accordingly, homestead status in Florida is not properly conceptualized as a stick in the bundle; rather, it is a protective safe in which the bundle is put. Venn v. Reinhard (In re Reinhard), 377 B.R. 315, 319-20 (Bankr. N.D.Fla. 2007)

### 3. THE TRUSTEE'S OBJECTION IS UNTIMELY (F.R.Bankr.P. 4003(b)(1))

Though there is significant correspondence between the parties and their counsel, and though Debtor did agree in July of this year that the Trustee could "T" up this dispute by filing an objection to Debtor's 2010 amendments, the files of Debtor's counsel show no stipulation to extend the Trustee's time to object to the 2010 amendments.

F.R.Bankr.P 4002(b)(1) requires that an interested party object to an amendment within 30 days. As Justice Thomas notes in Schwab v Reilly, 130 S Ct, 2652 (2010):

> If an interested party does not object to the claimed interest by the time the rule 4003 period expires, title to the asset will remain with the estate pursuant to section 541, and the debtor will be <u>guaranteed</u> a payment in the dollar amount of the exemption.

*Schwab*, supra, p 2667 (emphasis added).

The Debtor's 2010 amendment to Schedule C was filed and served on April 16, 2010. The Trustee's objection to Debtor's amended Schedules was filed September 22, 2010, more that 30 days after the Debtor's Amendments were filed.

WHEREFORE, Debtor requests an order allowing his 2010 Amendments and directing the Trustee to turn over to him $115,000, being the remainder of his $240,000 claimed homestead.

Respectfully submitted this 13th day of October, 2010.

John White, Esq.

WHITE LAW CHARTERED
LAWYERS
OTH CENTURY BLDG.
35 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228