| | |
|---|---|
| John White, Esq., S.B.#1741<br>White Law Chartered<br>Twentieth Century Building<br>335 West First St.<br>Reno, NV 89503<br>775-322-8000<br>775-322-1228 (Fax)<br>john@whitelawchartered.com<br>Attorney for Debtor | E-filed on November 7, 2010 |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>SCOTT K. GREENE,<br><br><br><br><br><br><br><br>                    Debtor<br>_____ | ) CASE NO:   BK-N-05-54727-gwz<br>)<br>) Chapter 7<br>)<br>) REQUEST FOR LEAVE TO<br>) SUPPLEMENT DEBTOR'S REPLY TO<br>) TRUSTEE'S OBJECTION TO DEBTOR'S<br>) AMENDMENTS TO SCHEDULES;<br>)<br>) Date of Hearing: November 10, 2010<br>) Time of Hearing: 10:00 A.M. |

    Debtor, by his counsel, White Law Chartered, hereby requests leave to supplement his Reply to the Trustee's Objection to Debtor's Amendments to Schedules, filed herein on October 13, 2010 ("Reply"), for the following reason:

    Debtor's Reply does not note that Debtor was presumably prohibited as a matter of law from amending his exemptions during the period his appeal of this Court's July 27, 2006 Order re: Debtor's Claim of Exemption was pending, being from September 18, 2006 when the appeal of the post-petition appreciation issue was taken (see Docket #s 69 and 102) until April 7, 2010, when the appeal was closed (Docket 207).

For that period (in excess of three years), this Court was divested of jurisdiction of the debtor's homestead exemption issue. ("The pending appeal divested the lower court of jurisdiction to proceed further in the matter."); *In re Bialac,* 694 F.2d 625, 627 (9th Cir.1982). ("The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.") *Griggs* v. *Provident Consumer Discount Co.,* 459 U. S. 56, 58 (1982) *(per curiam).*

Though this obvious jurisdictional matter should have been noted in Debtor's Reply, it assumes greater importance in light of the Trustee's assertion, at page 3, line 16 of the Trustee's October 26, 2010 Reply in Support of Debtor's Amendment to Schedules, that ... "it should be further noted that Debtor has no excuse for waiting more than four and a half years to amend his Schedules." Debtor amended his homestead on April 16, 2010, approximately 4 months after November 6, 2009, when the appeal was remanded to this Court (Docket 206) and less than 10 days after the appeal was closed (Docket 207).

For these reasons, Debtor requests leave to supplement his Reply.

Respectfully Submitted this 7th day of November, 2010

                                                                    /s/ John White
                                                                    John White, Esq.